UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| **EARNESTINE SMITH** | * | **CIVIL ACTION NO.  14-2717** |
| **VERSUS** | * | **JUDGE ELIZABETH E. FOOTE** |
| **JOHNSON & JOHNSON, ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

On October 26, 2011, plaintiff Earnestine Smith, represented by counsel, filed the instant products liability action in the United States District Court for the District of Minnesota ("USDC- DM") against various manufacturers and distributors of the drug, Levaquin.  (Compl.). On September 12, 2014, the USDC-DM transferred the case to this court.

On November 12, 2014, this court permitted counsel for plaintiff to withdraw from the case. (Nov. 12, 2014, Order [doc. # 31]).  In the same order, the court allotted plaintiff 30 days to enroll new counsel, or to notify the court in writing that she intended to proceed pro se (i.e., represent herself).  *Id*.  When, over seven months later, plaintiff had yet to comply with the foregoing order, the Clerk of Court issued a notice of intent to dismiss the case for failure to prosecute.  (Notice of Intent to Dismiss [doc. # 32]).  In response, plaintiff requested and obtained an extension of time until September 2, 2015, in which to enroll new counsel or to notify the court IN WRITING of her intent to proceed pro se. [doc. #s 33-34].  The latest deadline has since elapsed, without any response from plaintiff.

## Law and Analysis

The Federal Rules of Civil Procedure provide that "[i]f the plaintiff fails to prosecute or

to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed.R.Civ.P. 41(b) (in pertinent part). The Supreme Court has interpreted this rule as authorizing the district court to dismiss an action *sua sponte*, even without a motion by defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).

To the extent that the applicable statute of limitations may bar plaintiff from re-filing the instant suit, then dismissal at this juncture effectively will constitute dismissal "with prejudice," – "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff h[er]self and not h[er] attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.

The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case. As discussed above, plaintiff has ignored more than one court order. Furthermore, dismissal of the case may be the least sanction where, as here, there is every indication that she

no longer wishes to pursue her cause of action.[1]  Finally, plaintiff's unrepentant flaunting of court orders[2] reflects her own contumaciouness or "stubborn resistance to authority"[3] which is personally attributable to her as a litigant unrepresented by counsel.[4]

For the foregoing reasons,

IT IS RECOMMENDED that plaintiff's complaint be DISMISSED, with prejudice, in accordance with the provisions of Fed.R.Civ.P. 41(b).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before the Judge makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS**

---

[1] Certainly, if plaintiff disputes this inference, she may so demonstrate in her objection to the instant report and recommendation.

[2] This report and recommendation itself provides plaintiff with further notice of her non-compliance.

[3] *See Millan, supra*.

[4] While the court is aware that plaintiff is not represented by counsel, "'the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

**REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 15th day of September 2015.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE